IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY SIMMONS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-209 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Terry Simmons' action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), requesting judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits under Title II of the Social Security Act. Both parties have filed motions for summary judgment. After considering the parties' motions and the record in this case, the Court submits its Report and Recommendation to the District Court.

## **Background**

Plaintiff filed his application for disability insurance benefits on April 6, 2001, alleging an inability to work since December 31, 1990, due to a heart condition, severe fatigue, shortness of breath, chest pains, an inability to walk, sleep problems, numbness, and swelling in his feet. Transcript ("Tr.") at 59, 73A. Plaintiff's claims were denied initially and on reconsideration. A hearing was held on July 24, 2003, and the Administrative Law Judge ("ALJ") issued an unfavorable decision on August 20, 2003. Tr. at 13-21. On February 6, 2004, the Appeals Council declined

Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

In denying Plaintiff's claim, the ALJ found:

1. The claimant met the special earnings requirements of the Social Security Act on February 15, 1992, the date he stated he became disabled, and continued to meet them through March 31, 1996.

2. The claimant has not engaged in substantial gainful work since the alleged onset date of disability.

3. On and prior to March 31, 1996, the claimant had coronary artery disease, but this impairment did not meet or equal in severity the requirements of any of the medical listings in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's allegation of disability as of and prior to March 31, 1996, is not credible.

5. On and prior to March 31, 1996, the claimant had the residual functional capacity to perform at least at a light level of exertion.

6. On and prior to March 31, 1996, the claimant's residual functional capacity was consistent with the demands of his past relevant work as a service manager (automotive services) as ordinarily performed in the national economy as well as a significant number of other jobs in the national economy.

7. On and prior to March 31, 1996, the claimant had the residual functional capacity to perform his past relevant work as a service manager (automotive services) as ordinarily performed in the national economy and a significant number of other jobs in the national economy.

8. The claimant was not under a "disability," as defined in the Social Security Act, as of and prior to March 31, 1996.

### **Discussion**

A federal court reviews the Commissioner's denial of benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 172, 173 (5th Cir. 1999). A court may not reweigh the evidence or try the issues *de novo. Johnson v. Bowen*, 864

F.2d 340, 343-344 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, not the Court, to resolve. *Brown*, 192 F.3d at 496.

Substantial evidence is defined as being more than a scintilla and less than a preponderance and of such relevance that a reasonable mind would accept it as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). If the Commissioner's findings are adjudged to be supported by substantial evidence, then such findings are conclusive and must be affirmed. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson*, 864 F.2d at 343-344.

Plaintiff argues the ALJ erred because he relied on two allegedly incorrect pieces of information: (1) a notation that Plaintiff denied he had chest pains while taking a coronary stress test and (2) comments made by William Byers, M.D. in treatment notes. Plaintiff's arguments are without merit. The ALJ noted that "[o]n a stress test performed in December 1994 the claimant exercised 2.5 minutes to Stage II without evidence of chest pain or ischemia." Tr. at 18. Plaintiff claims such reliance was erroneous because in his three prior heart attacks he had never felt pain at all. However, the record clearly shows that Plaintiff stated during the hearing that he could not return to work after his second heart surgery because he had serious chest pain that required medication. Tr. at 337. When he arrived at the Midland Center Hospital on December 6, 1990, prior to having a heart attack, Plaintiff told medical personnel that, in fact, he had experienced chest pains. Tr. at 125. He also complained of chest pains to emergency room doctors in June, 1991. Tr. at 149, 155. The medical records clearly show that Plaintiff had chest pain associated with his heart disease, and the ALJ's consideration of the stress test was appropriate as evidence that it was inconsistent with Plaintiff's

3

claimed disability.

Dr. Byers' treatment notes in 1992 and 1993 state that Plaintiff was engaged in activities at odds with his claim to be disabled. These include working on a deer lease, raising quail, making business trips to Central America, climbing Mayan ruins in Mexico, playing golf and doing some walking. Tr. at 19, 259, 278, 284, 291, 300. Plaintiff argues these notes actually refer to his cousin but has presented no summary judgment evidence to support this allegation. Plaintiff has therefore shown no reason why the ALJ's reliance on Dr. Byers' rather extensive treatment notes was not appropriate.

Finally, Plaintiff argues that the ALJ should have considered an assessment made by Dr. Byers in June, 2002 – six years after his last insured date. In reality, the ALJ did consider this assessment but found it irrelevant because it postdated the relevant period of time at issue in the hearing. The Fifth Circuit has stated that "subsequent medical evidence is relevant . . . because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status." *Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990). However, remand to consider new medical evidence is available only if the evidence is material and a claimant can show good cause why it was not submitted to the ALJ. 42 U.S.C. § 405(g). "Material" in this context means that the evidence must be relevant to the period for which benefits are claimed and not merely show the subsequent deterioration in a previously non-disabling condition. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989). No evidence in this case suggests that the 2002 medical assessment was "material" to Plaintiff's condition prior to 1996.

The Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Instrument No. 8) be **DENIED**; that Defendant's Motion for Summary Judgment (Instrument No. 9) be

**GRANTED**; and that this action be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the parties by the means in place for transmission of same.  Plaintiff shall have until **August 10, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this \_\_\_\_19th\_\_\_\_ day of July, 2005.

John R. Froeschner
United States Magistrate Judge